IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,090-01 & -02






EX PARTE DONALD RAY SCOTT, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W97-77571-M & W97-77572-M IN THE 194TH


DISTRICT COURT FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated robbery and sentenced to thirty years' imprisonment. The Sixth Court of Appeals
affirmed his convictions. Scott v. State, Nos. 06-98-104-CR and 06-98-105-CR (Tex. App. -
Texarkana, delivered February 1, 1999, no pet.)

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed. The trial court has found that 
counsel is now deceased, and concluded that laches bars Applicant from obtaining relief in this
cause. However, the court has made no findings of fact reflecting that Applicant's delay in filing this
application is the cause for the State being unable to respond to Applicant's factual allegations. See 
Ex parte Carrio, 992 S.W.2d 486 (Tex. Crim. App. 1999).

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to when counsel died and, if counsel died before
or shortly after the appeals were affirmed, whether any other attorney assumed counsel's pending
cases and timely informed Applicant that his convictions had been affirmed. If counsel was still
practicing law at the time the appeals were affirmed, the court shall determine whether counsel
notified Applicant that the appeals were affirmed and that he could file pro se petitions for
discretionary review. Alternatively, the court may enter findings as to why any of these facts cannot
now be determined, and whether Applicant's delay in filing this application was the cause for the
inability to determine those facts. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 15, 2006

Do not publish